IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARVIN A. HUDSON, #158067, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:12-CV-546-TMH |
| | ) |
| GWENDOLYN MOSLEY, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court pursuant to a 42 U.S.C. § 1983 action filed by Marvin A. Hudson ["Hudson"], a state inmate, on June 22, 2012.[1] In this case, Hudson complains that upon his release on parole in February of 2004 defendant Mosely refused to provide him with the monetary stipend allowed by state law. Compl. (Doc. No. 1) at 3. Hudson seeks monetary damages and an investigation of his claim. *Id*. at 4.

Upon review of the complaint, the court concludes dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) as the claims presented

---

[1] Although the Clerk of this court indicated receipt of the complaint on June 25, 2012, Hudson certified he presented the complaint to prison officials for mailing on June 22, 2012. Doc. No. 1 at 4. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Hudson] signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, this court considers June 22, 2012 as the appropriate date of filing for this cause of action.

by the plaintiff are filed outside the relevant two-year period of limitation.[2]

## II.  DISCUSSION

### A.  Federal Civil Claim Under 42 U.S.C. § 1983

Hudson alleges that, upon his release on parole in February of 2004 from a previous term of incarceration, defendant Mosley failed to furnish him a cash payment in accordance with state law.[3]  It is clear from the complaint that the claim presented by Hudson is barred by the statute of limitations applicable to a 42 U.S.C. § 1983 action filed in this court.

> ***All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought***. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985).  [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir.

---

[2] This court entered an order granting Hudson leave to proceed *in forma pauperis* in this cause of action. *June 27, 2012 Order* (Doc. No. 3).  This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3] Contrary to Hudson's assertion, the state code section cited does not mandate that correctional officials make cash payments to all inmates upon their release.  Instead, state law only requires such payments when the Department of Corrections deems the payments are necessary. Specifically, the relevant code sections provide that "[t]he Department of Corrections . . . adopt reasonable regulations and criteria to determine those state inmates that require clothing and transportation upon the expiration of their term of custody, and before the expiration of their term of custody for each state inmate shall make a reasonable determination of whether or not the state inmate has ready and immediate access to clothing and transportation, that meet the requirements of this section.  Each state inmate, who is determined to require clothing and transportation shall, at the expiration of his term of custody, be discharged from the custody and shall be furnished with clothes and with the least expensive mode of public transportation to [his destination]." *Ala. Code* § 14-10-1.  Furthermore, if the Department of Corrections determines under the applicable regulations and criteria that inmates are due cash payments in addition to the benefits bestowed for transportation and clothing, the Department must then provide the qualifying inmates with these payments upon their release. *Ala. Code* § 14-10-2.

1989) (en banc).  Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (emphasis added).

The alleged lack of payment made the basis of the instant complaint occurred in February of 2004.  By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Hudson from application of the two-year period of limitation.[4] Assuming Hudson obtained his release on the last day of February 2004, the latest possible date for release during such month, the statute of limitations began to run on the claim presented herein on March 1, 2004.[5]  The limitation period ran uninterrupted until it expired on March 1, 2006.  As previously noted, Hudson filed the instant complaint on June 22, 2012.  This filing occurred over six years ***after*** the applicable period of limitation expired.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an

---

[4] This section allows tolling of the limitation period for an individual who "is, at the time the right accrues . . . insane . . . ."  *Ala. Code* § 6-2-8(a).  The complaint demonstrates Hudson was not legally insane at the time of the challenged event so as to warrant tolling under *Ala. Code* § 6-2-8(a).

[5] In computing the period of limitation, "exclude the day of the event that triggers the period[.]"  Fed. R. Civ. P. 6(a)(1)(A).

affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*]*,* 563 F. Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the complaint, Hudson has no legal basis on which to proceed as he filed this cause of action more than eight years after the actions which form the basis of the complaint occurred. As previously determined, the statutory tolling provision is unavailing. Consequently, the two-year period of limitation expired over six years prior to Hudson filing the instant complaint. In light of the foregoing, the court concludes Hudson's claim challenging a lack of cash payment upon his release in February of 2004 is barred by the applicable statute of limitations and this federal civil action is therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons & Parole Bd.*, 915 F.2d 636 (11th Cir.

1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[6]

## B. Supplemental Jurisdiction

To the extent Hudson seeks relief from this court on pendent state law claims regarding the violation of state law, breach of contract and negligence, he is entitled to no relief. Review of pendent state law claims is only appropriate upon exercise of this court's supplemental jurisdiction over a related constitutional claim. In the posture of this case, however, the court concludes the exercise of supplemental jurisdiction is inappropriate.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb,* 635 F.2d 462, 470 (5th Cir. 1981) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *See generally* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3567 pp. 443-47 (1975).

*L.A. Draper & Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is completely discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper & Son*, 735 F.2d at 428. In view of this court's resolution of the federal claims presented by Hudson, any pendent state claim is due to be dismissed. *Gibbs*, 383 U.S. at 726 (if the federal claim from

---

[6] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

which the state claim arises is dismissed prior to trial, the state claim should be dismissed as well); *see also Ray v. Tennessee Valley Auth.*, 677 F.2d 818 (11th Cir. 1982).

### III.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1.  To the extent the plaintiff seeks relief under 42 U.S.C. § 1983, this case be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  The plaintiff's pendent state law claims be dismissed as the court deems it inappropriate to exercise supplemental jurisdiction over these claims; and

3.  This case be summarily dismissed.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before July 12, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein*

*v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 28th day of June, 2012.

                                       /s/ Wallace Capel, Jr.
                                       WALLACE CAPEL, JR.
                                       UNITED STATES MAGISTRATE JUDGE